RECEIVED
IN ALEXANDRIA, LA
JUN 1 6 2006
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# ALEXANDRIA DIVISION

| | |
|---|---|
| ROY A. VANDERHOFF | CIVIL ACTION NO. 05-0309-A |
| -vs- | JUDGE DRELL |
| RANDY PRENTICE, ET AL. | MAGISTRATE JUDGE KIRK |

## RULING

Before the Court is a Motion to Dismiss (Doc. 31) filed on behalf of Defendant Alphonse Pacheco, M.D. Dr. Pacheco moves to dismiss under several theories: (1) Plaintiff's complaint is frivolous; (2) Plaintiff fails to state a claim upon which relief can be granted; (3) the Court lacks subject matter jurisdiction over some or all of Plaintiff's claims; and (4) Dr. Pacheco is entitled to qualified immunity. (Doc. 31). Plaintiff Roy A. Vanderhoff filed no opposition to the Motion. Having reviewed the pleadings in this case and applicable law, Defendant's Motion will be GRANTED.

## Background

Mr. Vanderhoff, a former inmate, brought suit against Dr. Pacheco pursuant to 42 U.S.C. § 1983. (Doc. 1). Plaintiff alleges that in early 2003, while incarcerated, an unnamed doctor diagnosed him with at least one bulging disk and other back conditions which required surgery. (Doc. 1). On August 27, 2003, Dr. Pacheco prescribed a cane for Mr. Vanderhoff. (Doc. 31). Dates on which

subsequent events allegedly occurred are unclear. It is clear that Dr. Pacheco originally placed Mr. Vanderhoff on No Duty Status and later changed that designation to Light Duty Status. (Docs. 1, 20, 31). According to Mr. Vanderhoff, Dr. Pacheco refused to send Mr. Vanderhoff to an orthopedic doctor. (Doc. 20). Plaintiff claims the change in his duty status, coupled with his back problems, resulted in considerable pain and suffering. (Doc. 20). Plaintiff seeks monetary damages to compensate him for his pain and suffering. (Doc. 1).

Law and Analysis

Although he never categorizes his claim as such, we assume Mr. Vanderhoff considers Dr. Pacheco's actions or inactions to constitute a violation of his Eighth Amendment right to be free from cruel and unusual punishment. To prevail on a claim of inadequate medical care under the Eighth Amendment and § 1983, a Plaintiff must establish deliberate indifference to his serious medical needs. Estelle v. Gamble, 429 U.S. 97, 97 S.Ct. 285 (1976). Deliberate indifference is a very difficult standard to satisfy. Domino v. Texas Dept. of Criminal Justice, 239 F.3d 752 (5th Cir. 2001). To meet the standard, a plaintiff must show the defendant refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in similar conduct that would show a wonton disregard for a serious medical need. Id. Although an inmate may disagree with his physician's choice or method of treatment, an allegation that a prison doctor should have undertaken additional diagnostic measures or utilized an alternative

2

method of treatment does not elevate a claim to constitutional dimension. Vernado v. Collins, 920 F.2d 320 (5th Cir. 1991). Neither negligence, neglect nor medical malpractice are sufficient to state a claim under § 1983. Johnson v. Treen, 759 F.2d 1236.

There are simply no facts in Mr. Vanderhoff's complaint to suggest that Dr. Pacheco intentionally ignored or mistreated his medical needs or made a conscious, deliberate attempt to harm him. Plaintiff received medical care for his injury, albeit medical treatment with which he disagreed. The fact that he disagreed with Dr. Pacheco's medical decisions or the manner in which his medical treatment was rendered is of no moment. Mr. Vanderhoff received medical treatment; the very most that could have occurred, and we are not suggesting that it did, was negligent diagnosis or treatment, which cannot form the basis for a § 1983 suit, such as the one Mr. Vanderhoff has instituted.

Because the facts of this case do not support a claim of deliberate indifference to any medical condition from which Mr. Vanderhoff may have suffered, we find that his claim is frivolous and Dr. Pacheco's motion will be granted. Mr. Vanderhoff's claims against Dr. Pacheco will be dismissed with prejudice.

SIGNED on this 16 day of June, 2006, at Alexandria, Louisiana.

DEE D. DRELL
UNITED STATES DISTRICT JUDGE