UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA (ALEXANDRIA)

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| ROY A. VANDERHOFF | : | |
| | : | CIVIL ACTION |
| VS. | : | NO. 05-00309-DDD-JDK |
| | : | |
| RANDY PRENTICE and | : | HON. DEE D. DRELL |
| DR. PACHECO | : | MAG. JAMES D. KIRK |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## MEMORANDUM IN SUPPORT OF MOTION
## TO TAX COST AND ATTORNEY FEES

**1.   STATEMENT OF THE CASE**

The plaintiff, Roy A. Vanderhoff is a former inmate who was incarcerated at Avoyelles Correctional Center ("ACC") in Cottonport, Louisiana. He filed this complaint in forma pauperis[1] pursuant to 42 U.S.C. § 1983 against Randy Prentice[2] and Alphonse Pacheco, M.D. ("Dr. Pacheco"). Only Dr. Pacheco has been served and he is the lone remaining defendant. Plaintiff alleges that he was subjected to deliberate indifference to his serious medical needs. He was seeking compensatory and punitive damages, attorney's fees, costs and a trial by jury.[3]

**2.   PROCEDURAL HISTORY**

Plaintiff originally filed this lawsuit on October 1, 2004, in the U.S. District Court

---

[1] Rec. Docs. 2 and 3.
[2] Named defendant but unserved. Dismissed as a defendant on February 11, 2008. Rec. Doc. 47.
[3] Rec. Doc. 1, "Relief Sought". ¶19. Plaintiff has since withdrawn his request for trial by jury. Rec. Doc. 42.

1

for the Middle District of Louisiana.[4] On February 18, 2005, the Court issued a Notice of Intent to Dismiss because there was no proof in the record that plaintiff had perfected service on the defendants in accordance with Fed. R. Civ. P. 4(m).[5] On February 18, 2005, the plaintiff filed a Motion for Extension of Time for Service, which was granted.[6]

Subsequently, plaintiff filed a motion to transfer his case on February 11, 2005 and the motion was granted on February 19, 2005.[7] On June 13, 2005, the Court again issued a Notice of Intent to Dismiss for Failure to Effect service within 120 days.[8] On June 30, 2005, the Court issued a Memorandum Order detailing the case and ordering the plaintiff to amend his Complaint.[9] Plaintiff filed a Motion for Extension of Time to comply with the Court's Notice,[10] which was granted.[11]

On August 29, 2005, the plaintiff filed a First Supplemental and Amended Complaint.[12] On October 12, 2005, the Court again filed a Notice of Intent to Dismiss for Failure to Effect Service within 120 days.[13] On November 1, 2005, the Clerk under LR 41.3W filed an Order of Dismissal into the record.[14] On December 5, 2005, the plaintiff filed a Motion to Reinstate Case,[15] which was granted on December 6, 2005.[16]

---

[4] Rec. Doc. 1.
[5] Rec. Doc. 6.
[6] Rec. Docs. 7 and 8.
[7] Rec. Doc. 10, 11 and 12.
[8] Rec. Doc. 16.
[9] Rec. Doc. 17.
[10] Rec. Doc. 18.
[11] Rec. Doc. 19.
[12] Rec. Doc. 20.
[13] Rec. Doc. 21.
[14] Rec. Doc. 22.
[15] Rec. Doc. 23.

On January 30, 2006, the Court filed into the record a Waiver of Service evidencing service on Dr. Pacheco.[17] On February 28, 2006, defendant Pacheco filed a Motion to Dismiss.[18] On June 16, 2006, the Court granted the defendant's motion[19] and judgment was rendered on June 16, 2006.[20] Although plaintiff filed no opposition to the defendant's Motion to Dismiss, the plaintiff filed a Notice of Appeal from the judgment.[21] On October 4, 2007, the U.S. Fifth Circuit Court of Appeals issued a judgment vacating the district court's judgment and remanded the case to the district court for further proceedings.[22]

Trial was set numerous times, but trial was finally set without continuance on August 13, 2008 by an order issued on June 6, 2008.[23] Defendant filed a Motion for Summary Judgment on May 16, 2008.[24] The Court issued an order on June 18, 2008 allowing a 38 day continuance to the plaintiff to file any opposition to defendant's motion for summary judgment.[25] On August 1, 2008 plaintiff finally filed an opposition stating that, "he cannot oppose the motion."[26] A ruling was made under LR 56.2 adopting defendant's statement of undisputed facts and memorandum in support of motion for

---

[16] Rec. Doc. 25.
[17] Rec. Doc. 29.
[18] Rec. Doc. 31.
[19] Rec. Doc. 33.
[20] Rec. Doc. 34.
[21] Rec. Doc. 35.
[22] Rec. Doc. 39.
[23] Rec. Doc. 59.
[24] Rec. Doc. 51.
[25] Rec. Doc. 61.
[26] Rec. Doc. 62.

summary judgment.[27]  A judgment was subsequently issued granting defendant's motion for summary judgment and dismissing plaintiff's claims.[28]

## 2. STANDARDS OF REVIEW

### A. Frivolousness

A complaint is frivolous if it lacks an arguable basis in law or fact.[29]  In this case, plaintiff's claims lacked an arguable basis in law and fact.  That is, legally the state defendant could not be sued under 42 U.S.C. §1983 as he was entitled to immunity under the Eleventh Amendment to the U.S as well as Qualified Immunity.  Furthermore, factually, plaintiff's claims had no reasonable factual basis.  Defendant's sent discovery asking specifically what witnesses and exhibits would be used in the trial of this matter.[30]  Plaintiff responded to both questions on July 1, 2008 answering, "None at this time."[31]  This shows that **after three years, five months and seventeen days** plaintiff's attorney had failed to secure any witness or exhibit to verify the claims upon which he had made when he filed his complaint as well as failing to investigate the claim before filing.

### A. Attorney Fees

Lawsuits such as this against state defendants take these officials away from their daily activities and other duties in working for the state, especially in cases such as this

---

[27] Rec. Doc. 63.
[28] Rec. Doc. 64.
[29] ***Davis v. Scott***, 157 F.3d 1003, 1005 (5th Cir. 1998); ***Reeves v. Collins***, 27 F.3d 174, 176 (5th Cir. 1994); ***Neitzke v. Williams***, 490 U.S. 319, 109 S.Ct. 1827 (1989); ***Talib v. Gilley***, 138 F.3d 211, 213 (5th Cir. 1998).
[30] See Exhibit A.
[31] See Exhibit B.

where the target of this frivolous suit is a Medical Doctor whose time is valuable to the patients he serves. The defense of these frivolous claims requires the expenditure of public funds that would be better spent providing services to the taxpayers, who are the individuals who have had to foot the bill for Vanderhoff and J. Courtney Wilson's frivolous claims.

The record in this case shows that the defendant successfully obtained a judgment dismissing plaintiff's claims.[32]  He is accordingly a prevailing party who is entitled to bring a claim for attorney's fees under 42 U.S.C. §1988. ("Section 1988")

Section 1988 provides in pertinent part that "(i)n any action or proceeding to enforce a provision of . . . (Section 1983) the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs. . ." The basic analytical standard governing a prevailing Defendants' claim under Section 1988 is as follows:

> The Supreme Court has held that a prevailing defendant may recover attorney's fees under §1988 if the plaintiff's action is "frivolous, **unreasonable or groundless**, or . . . the plaintiff continued to litigate after it clearly became so." (Case cites omitted.) Defendants are not required to show either subjective or objective bad faith on the part of the plaintiff in order to recover § 1988 attorneys' fees. *Hamer v. County of Lake*, 819 F.2d. 1362, 1366 (7th Cir. 1987) (citation omitted). Instead **the defendant must demonstrate that the plaintiff's action is "meritless in the sense that it is groundless or without foundation."** *Hughes*, 449 U.S. at 14, 101 S.Ct. at 178. **"[W]hen a civil rights suit is lacking in any legal or factual basis . . ., an award of fees to the defendant is**

---

[32] Rec. Doc. 64.

5

> **clearly appropriate to deter frivolous filings and to ensure that the ability of the courts to remedy civil rights violations is not restricted by dockets crowded with baseless litigation."** *Coates v. Bechtel*, 811 F.2d 1045, 1050 (7th Cir. 1987) (citation omitted) *Munson v. Milwaukee Bd. Of School Directories*, 969 F.2d 266, 269 (7th Cir. 1992). (**emphasis added**)

Furthermore, 28 U.S.C.A. § 1927 states that, "[a]ny attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so **multiplies the proceedings in any case unreasonably and vexatiously** may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." (**emphasis added**)

This litigation has been pending for more than three years in two different Courts and has been appealed to the Fifth Circuit Court of Appeal.  The Court on its own motion has tried to dismiss this claim twice for failure to serve and did in fact dismiss it once with Mr. Wilson filing to reinstate the claim.  Defendant filed a motion to dismiss which was granted upon the defendant failing to file any opposition.  However, plaintiff, after failing to originally file any opposition, appealed the judgment to the Fifth Circuit Court of Appeal compounding the cost to the public and cost to judicial resources for prosecution of this baseless claim.  Furthermore, as can be seen in Rec. Doc. 59, trial was originally scheduled for June 13, 2008 but was continued to August 13, 2008 upon the assertion of Mr. Wilson that he did not yet obtain his clients medical records and that his client was deathly ill and there was no possible way for him to travel from St. Bernard

Parish to Alexandria for the trial six days away. However, undersigned counsel out of an abundance of caution did further investigate this assertion and did find out that plaintiff was in fact not ill and had no restriction upon his ability to travel. This is evidenced by a United States District Court transport sheet showing no restrictions upon Vanderhoff's ability to travel.[33] This was the latest waste of judicial resources in this overall factually baseless claim. For these reasons, this Honorable Court should award the Defendants attorney's fees against Roy A. Vanderhoff and J. Courtney Wilson under Section 1988.

The Defendant also seeks their attorney's fees under Rule 11, F.R.C.P. Rule 11 requires that every pleading, written motion, or other paper filed in the Federal District Court "shall be signed by at least one attorney of record or by the party if the party is not represented by an attorney. By signing the pleading or by later advocating the already signed and filed pleading, the attorney or unrepresented party represents to the Court, among other things, that:

> (1) (the pleading) is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or **needlessly increase the cost of litigation**;
> (2) the **claims, defense, and other legal contentions are warranted by existing law** or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
> (3) **the factual contentions have evidentiary support** or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery . . . (**emphasis added**)

---

[33] See Exhibit C.

7

The purpose of sanctions under Rule 11 is to ***deter rather than to compensate***. See Fed. R. Civ. P. 11 Adv. Comm. Notes. Mr. Wilson's complaint does not meet the requirements of any of the aforementioned stipulations under Rule 11. Mr. Wilson has sought on two occasions through an original complaint and amended complaint to submit documentation to this Court that contained allegations with less than no evidentiary support and were not well founded in law as Dr. Pacheco was fully entitled to qualified immunity.

In compliance with Local Rule 54.2, the undersigned counsel attaches copies of the bills and time reports evidencing the attorneys' fees and costs incurred in the defense of this claim.[34]

### 3.   **CONCLUSION**

Vanderhoff's lawsuit filed by J. Courtney Wilson against the Defendant was frivolous, had no basis in fact or law, and furthermore, Mr. Wilson provided the Court with false information regarding the ability of plaintiff to attend his own trial when it is clear upon the record that plaintiff had conducted no discovery or investigated the claim which he had contended was true for over three years. This entire suit has needlessly burdening the Court and taxpayers of the State of Louisiana in the defense of this suit. Accordingly, Defendant prays that this Honorable Court award attorney's fees and costs in favor of the Defendants pursuant to 42 U.S.C. § 1988, 28 U.S.C.A. § 1927 and Federal Rule of Civil Procedure, Rule 11 as well as requesting any appropriate sanctions.

---

[34] See Exhibit D

        **Respectfully submitted,**

        **JAMES D. "BUDDY" CALDWELL**
        **ATTORNEY GENERAL**

**BY:**   **/s/Douglas G. Swenson**
        **DOUGLAS G. SWENSON (# 28773)**
        **ASSISTANT ATTORNEY GENERAL**

        **DEPARTMENT OF JUSTICE**
        **LITIGATION DIVISION**
        **1885 North 3rd Street, 4th Floor**
        **P.O. Box 94005**
        **Baton Rouge, LA 70804-9005**
        **Telephone No.**   **225-326-6300**
        **Fax No.**   **225-326-6495**
        **E-Mail Address:**   **SwensonD@ag.state.la.us**

## CERTIFICATE OF SERVICE

I certify that on the 18th of August 2008, the foregoing **Memorandum in Support of Motion to Tax Cost and Attorney Fees** was electronically filed with the United States District Court using the CM/ECF filing system which sent notice of such filing to the following: Courtney Wilson, 1510 Veterans, Metairie, LA 70005; e-mail: cwilson@courtlaw.net attorney for the plaintiff Roy A. Vanderhoff.

        **/s/Douglas G. Swenson**
        **DOUGLAS G. SWENSON**