RECEIVED
IN ALEXANDRIA, LA
DEC 12 2008
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| ROY A. VANDERHOFF | CIVIL ACTION 05-0309 |
| VERSUS | U.S. DISTRICT JUDGE DEE D. DRELL |
| RANDY PRENTICE, et al | U.S. MAGISTRATE JUDGE JAMES D. KIRK |

REPORT AND RECOMMENDATION

Before the court is defendant, Pacheco's, motion for attorney fees [**Doc. #65**] under 42 U.S.C. §1988, referred to me by the district judge for Report and Recommendation. Defendant seeks payment as the "prevailing party" of attorney fees in the amount of $13,626.50 under the statute and also pursuant to 28 USCA §1927. Defendant also seeks imposition of sanctions on the plaintiff's attorney pursuant to Rule 11 of the FRCP.

Plaintiff, a former inmate, filed this lawsuit pursuant to 42 USC §1983 on October 1, 2004 against the medical director of the prison, Prentice, and the doctor, Pacheco, alleging intentional indifference to a serious medical need. Specifically, plaintiff alleged that a doctor at the charity hospital had referred him to a specialist for back surgery and the defendants refused to refer him there for treatment. Prentice was never served and was dismissed. Dr. Pacheco filed a motion to dismiss to which plaintiff, represented by counsel, did not respond or attempt to assist the court in resolving the motion. The district judge granted the motion to dismiss, finding that,

1

at most, there was a disagreement with treatment between plaintiff and defendant Pacheco, but no evidence of deliberate indifference to a serious medical need. The judge found the complaint to be frivolous and dismissed it.

Despite having not filed an opposition to the motion, plaintiff's attorney filed a notice of appeal. On appeal, the Fifth Circuit held that "[i]t is not yet apparent beyond doubt that Vanderhoff could prove no set of facts consistent with his complaint that would allow him relief." Therefore, the court remanded the case for further proceedings. Thereafter, defendant filed a motion for summary judgment again asserting that plaintiff could not show deliberate indifference and also that the doctor was entitled to qualified immunity. Plaintiff requested an extension of time in which to obtain the medical records (this, three years and four months after suit was filed based on what was allegedly contained in those records). The plaintiff, through counsel, then responded to the motion with one line:

> "The undersigned has concluded, after a careful study of the medical records received today from Huey P. Long Medical Clinic, that he cannot oppose the motion."

In his ruling, the district judge found that the evidence showed that plaintiff had no documented history of back pain and Dr. Pacheco had never been advised of any such pain by anyone. The court found that plaintiff failed to present any evidence of deliberate indifference and dismissed the case.

Defendant then filed this motion for attorney fees asserting that the case was frivolous and that the suit had wasted the Attorney General's time and taxpayers' money in defending the baseless case.

Analysis

Section 1988 provides in pertinent part that "[i]n any action or proceeding to enforce a provision of . . . (Section 1983) the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs . . ."

Defendant points out that a prevailing defendant may be awarded attorney fees under §1988 if the plaintiff's suit is "frivolous, unreasonable or groundless, or . . . the plaintiff continued to litigate after it clearly became so." See Walker v. City of Bogalusa, 168 F.3d 237, 239 (5ht Cir. 1999); Myers v. City of West Monroe, 211 F.3d 289 (5th Cir. 2000. See also, Dean v. Riser, 240 F.3d 505 (5th C. 2001).

Under §1927, "[a]ny attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses and attorneys' fees reasonably incurred because of such conduct."

The Fifth Circuit uses the "lodestar" method to calculate reasonable attorney fees. Green v. Administrators fo the Tulane Educ. Fund., 284 F.3d 642, 661 (5th Cir. 2002). A fee determination involves:

a) determining whether plaintiff is the prevailing party,

b) determining the lodestar (hours times rate), and

c) determining whether to adjust the lodestar.

Hensley v. Eckerhart, 103 S. Ct. 1933, 1940 (1983).

Prevailing Party

A party may be considered a prevailing party if he "succeeds on any significant issue in

3

the litigation which achieves some of the benefit the parties sought in bringing suit." Hensley, at 1939 (dealing with plaintiff's fees). In this case, Dr. Pacheco is the prevailing party, all claims against him having been dismissed.

"Frivolous, unreasonable or groundless"

The district judge dismissed the case as frivolous. However, the Fifth circuit reversed holding only that it was possible plaintiff might prove deliberate indifference. In fact, however, he did not. Plaintiff failed to ever have one of the two defendants served and the case was dismissed against him. Plaintiff failed to oppose the remaining defendant's motion to dismiss finding frivolousness, although he did successfully appeal. Then, three years and four months after filing suit alleging that a doctor at Huey P. Long had referred plaintiff for back surgery which was the whole basis for filing suit, plaintiff's attorney, after obtaining an extension of time, finally obtained the medical records which did not support his client's claims. He informed the court only that he could not oppose the motion. Therefore, the case was as frivolous on the day it was dismissed on motion for summary judgment as it was on the day it was dismissed on motion to dismiss. Absolutely no evidence had ever been produced to support the unfounded claims and indeed no evidence had even been obtained by the plaintiff's attorney in over three years. Further, the case was dismissed short of trial, which is some evidence that it was without merit. See Myers, supra, at p.293. This is not a case where the evidence was simply weak, or where there was some, but not enough evidence. Here there was no evidence–the absence of which is no doubt the reason the plaintiff's attorney did not even bother to write a brief opposing the motion to dismiss and then chose not to oppose the motion for summary judgment which ultimately disposed of the case.

So after filing this suit without first having properly investigated his client's claims, the attorney sat idly by while the defense attorneys filed and briefed motions and opposed plaintiff's appeal and otherwise defended the case. I find that plaintiff's claims are frivolous, unreasonable and groundless. See Stover v. Hattiesburg Public School Dist., 2008 WL 4911264 (No. 07-60419) (5th C. 2008); Jones v. Texas Tech Univ., 656 F2d 1137, 1145 (5th C. 1981). I further find that plaintiff's attorney unreasonably and vexatiously multiplied the litigation by not promptly investigating before filing suit and by not promptly obtaining the single medical record that would prove or disprove his client's claims. I also find that the attorney filed the suit in violation of Rule 11 by certifying that the factual contentions in it had evidentiary support and by needlessly increasing the cost of this litigation. Attorney fees are clearly warranted under §1988, under §1927 and pursuant to Rule 11.[1]

The lodestar amount

This court described the lodestar calculation in Butler v. Rapides Foundation, 365 F.Supp.2d 787 (W.D. La. 2005). A "lodestar" figure is simply the number of hours reasonably spent on the litigation times a reasonable hourly billing rate. Watkins v. Fordice, 7 F.3d 453, 457 (5th Cir.1993). The court then determines whether the "lodestar" figure should be adjusted upward or downward depending on the twelve Johnson[2] factors. Migis v. Pearle Vision, Inc., 135 F.3d 1041 at 1047 (5th Cir. 1998).

A. Hourly rate

---

[1] Although plaintiff's attorney argues that he has not received 21 days notice and an opportunity to correct his sanctionable conduct, in fact he has received more than 21 days notice by virtue of this motion and, in any event, has received all of the process to which he is due.

[2] Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th C. 1974).

Defendant's attorney asks for hourly rates for the attorneys of $115 per hour and of $80 per hour and for a paralegal (it appears) of $40 per hour. Plaintiff does not contest the rates. I have recently recommended approval of hourly rates in civil rights and employment discrimination cases in this court of $95 per hour (that was all that the attorney requested), of $250 per hour (the attorney has an L.L.M. in labor law and specializes in employment discrimination suits), of $200 per hour and of $175 per hour in this district. The hourly rates sought here are low by any standard and should be approved.

B. Reasonableness of hours

Plaintiff does not contest defendant's statement of billable hours. Further, I find the hours necessarily spent on this case to have been reasonable.

C. Adjustment of the lodestar

There is a strong presumption that the lodestar is the reasonable fee. Walker v. U. S., 99 F.3d 761 (5th C. 1996).

The twelve Johnson factors courts consider in determining whether the "lodestar" figure should be adjusted upward or downward are: (1) the time and labor required for the litigation; (2) the novelty and difficulty of the questions presented; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent[3]; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the result obtained; (9) the experience, reputation and ability of the attorneys; (10) the "undesirability" of the case; (11)

---

[3] The Supreme Court has barred use of this factor. Shipes v. Trinity Inds., 987 F.2d 311 (5th C. 1993) (Shipes II).

the nature and length of the professional relationship with the client; and (12) awards in similar cases. Johnson, 488 F.2d at 717-19. The Fifth Circuit has singled out four of the factors as most important: (1) the time and labor involved; (2) the customary fee; (3) the amount involved and the results obtained; and (4) the experience, reputation, and ability of counsel. See Migis, 135 F.3d at 1047. The Supreme Court has held that "the most critical factor" for a fee award in a civil rights case "is the degree of success obtained." Id. (citing Farrar v. Hobby, 506 U.S. 103, 114, 113 S.Ct. 566, 121 L.Ed.2d 494 (1992) and Hensley v. Eckerhart, 461 U.S. 424, 436, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983)). In addition, enhancements based on the second, third, eighth, and ninth factors are only appropriate in rare cases supported by specific evidence in the record and detailed findings by the court. Walker v. U. S. Dept. of Housing and Urban Dev., 99 F.3d 761, 771-2 (5th Cir. 1996).

The factors which the Fifth Circuit finds most important--time and labor involved, customary fees, results obtained and reputation, ability and experience of counsel-- have all been subsumed in the discussion above. There has been no showing that any of the other Johnson factors should be applied so as to further reduce or increase the lodestar in this case.

## Conclusion

Therefore, IT IS RECOMMENDED THAT judgment be entered GRANTING an award of attorney fees against plaintiff and his attorney, jointly and severally (solidarily) in the amount of $13,626.50. Costs should be taxed to the plaintiff and his attorney.

## **OBJECTIONS**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have ten (10) business days from service of this Report and Recommendation to file specific,

written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the district judge at the time of filing. Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED in chambers, in Alexandria, Louisiana, on this the 11th day of December, 2008.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE